

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AUGUSTIN JULIEN A# 95-100-293** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2410** |
| **MICHAEL CHERTOFF, ET AL.** | **SECTION "A" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for preliminary review and for conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition.[1] Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Augustin Julien, is an immigration detainee. The record reflects that he is a native and citizen of Haiti who entered the United States on or about August 23, 2003. He was subsequently taken into custody by federal immigration officials and proceedings were instituted to have him removed from the United States. In those proceedings, petitioner conceded that he was

---

[1] Rec. Docs. 2 and 5.



in this country illegally and was subject to removal on that basis; however, he applied for asylum, withholding of removal, and protection under the Convention Against Torture. On September 28, 2004, an immigration judge denied petitioner's applications for relief and ordered him removed from the United States.[2] Petitioner appealed that decision,[3] and his appeal is currently pending before the Board of Immigration Appeals.[4]

On May 16, 2005, petitioner filed with this Court an application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. In that application, he argues that he should be released from custody pending resolution of his immigration proceedings.[5] The Government has filed a motion to dismiss,[6] which petitioner has not opposed.

As a preliminary matter, the Court notes that petitioner cites Zadvydas v. Davis, 533 U.S. 678 (2001). In Zadvydas, the United States Supreme Court addressed the detention of aliens pursuant to 8 U.S.C. § 1231 following a final order of removal. The Supreme Court held that federal law permits detention of such aliens only for the period of time reasonably necessary to effect removal. The Court further held that it was presumptively reasonable to detain such aliens for a period of six months. However, after six months, continued detention would be presumptively

---

[2] Rec Doc. 4, Exhibit A.

[3] Rec. Doc. 4, Exhibit B.

[4] Rec. Doc. 4, Exhibit C.

[5] Rec. Doc. 1. In his petition, he does not challenge either his removability or the denial of his applications for discretionary relief by immigration authorities. Rather, he challenges only his continued detention.

[6] Rec. Doc. 4.

unreasonable absent evidence demonstrating that removal was significantly likely to occur in the reasonably foreseeable future.

Zadvydas and 8 U.S.C. § 1231 are simply inapplicable in the instant case. Petitioner's order of removal is not yet final, in that he has chosen to appeal that order to the Board of Immigration Appeals. As there is no final order in place, the Government's period for effecting his removal has not even commenced, much less expired. See 8 U.S.C. § 1231(a)(1)(B).[7]

The United States Supreme Court has expressly held that Zadvydas, which dealt only with the potentially indefinite detention of aliens following a final order of removal, in no way should be read to prohibit the detention of aliens *during* their immigration proceedings. Demore v. Hyung Joon Kim, 538 U.S. 510, 527-29 (2003). Detention of aliens during the finite period of such proceedings serves distinct purposes and concerns, and such detention is a constitutionally valid aspect of the removal process. Id. at 523 and 527-29.

The apprehension and detention of aliens pending removal decisions are governed by 8 U.S.C. § 1226, which provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General–

---

[7] 8 U.S.C. 1231(a)(1)(B) provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

> (1) may continue to detain the arrested alien; and
> (2) may release the alien on–
>
>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a). That statute further provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).

In the instant case, petitioner conceded that he is illegally in the United States and therefore removable. The Attorney General's discretionary decision to detain petitioner for the limited period of time necessary to finalize his immigration proceedings serves the legitimate the purpose of preventing his flight during those proceedings, thereby increasing the chance that he will in fact be successfully removed if the Board of Immigration Appeals upholds the prior decision rejecting his claims for discretionary relief. Such continued detention of an alien who concedes

removability for the limited period of time necessary to finalize his removal proceedings is constitutionally permissible. See Demore, 538 U.S. at 531.[8]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the Government's motion to dismiss be **GRANTED** and that the petition of **Augustin Julien** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of February, 2006.

*/s/ Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Of course, nothing in this opinion should be construed as preventing petitioner from filing a future petition asserting a true Zadvydas claim if he remains detained six months after an order of removal becomes final.